## CULVER, PAGE, HOYNE & COMPANY
### v.
## HORACE H. THOMAS.

*Negotiable Paper—Indorsement—Contract of Guaranty.*

In an action against an indorser, as guarantor of certain promissory notes, it is *held:* That the only liability of the defendant was that of an indorse-, the mere fact th it it placed its name twice on each note, being insufficient to authorize the holder to write over one signature, or both, a contract of guaranty.

[Opinion filed July 13, 1887.]

In ERROR to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. FRANK J. SMITH & HELMER, for plaintiff in error.

Mr. A. S. BRADLEY, for defendant in error.

McALLISTER, P. J. This was an action by Thomas, as indorsee, against Culver, Page, Hoyne & Co., a corporation, as guarantor of four promissory notes made by H. L. Culver, and bearing date respectively, August 13, 18, 23 and 28, 1883, for $2,500 each, payable to said company as payee, six months from their respective dates, upon each of which said company indorsed its name twice, and they were delivered and negotiated by the holder of them so indorsed to the Commercial National Bank, and the latter wrote upon each, over one of the signatures of said company, a guaranty as follows: "For value received we hereby guarantee the payment of the within note at maturity or at any time thereafter, with interest at eight per cent. per annum, and agree to pay all costs and expenses paid or incurred in collecting the same."

There was a plea duly verified denying the execution of said guaranties respectively. On the trial before the court without

a jury there was no evidence tending to show authority to write such a guaranty, except what was implied from the circumstance of the payee having indorsed its name twice upon each note; and there was a finding and judgment for the plaintiff against the defendant, merely as guarantor. Upon the evidence the only liability of the defendant which could be made out was that of indorser, notwithstanding the defendant put its name twice upon each note. That fact or circumstance was insufficient to authorize the holder to write over one signature, or both, a contract of guaranty. That point is expressly decided by the Supreme Court in Johnson v. Glover, 12 N. E. Rep. 257, and is decisive of this case. The judgment will, therefore, be reversed and the case remanded.

*Judgment reversed.*